## In re 4145 BROADWAY HOTEL CO.

### THOMAS v. ROSENTHAL et al.

### No. 6932.

Circuit Court of Appeals, Seventh Circuit.

April 27, 1939.

Lloyd C. Whitman, of Chicago, Ill., for appellant.

I. E. Ferguson, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

PER CURIAM.

Petitioner, on February 14, 1939, filed his petition in the District Court to vacate and terminate an order of said court entered May 26, 1938, enjoining and restraining the petitioner in certain matters and respects. The petition was denied by the court's order of March 20, 1939, and it is from this order the instant petition for leave to appeal is presented.

The order of May 26, 1938, sought to be vacated, provides "It is ordered that the said F. Gerald Thomas, his agents, attorneys and employees, be and each of them is permanently enjoined and restrained *until the further order of this court,*" from sending out communications, etc., with a view of soliciting powers of attorney from creditors and claimants in the reorganization proceeding. An appeal was taken from this order and decided by this court December 14, 1938 in Re 4145 Broadway Hotel Company, 100 F.2d 7. The jurisdiction and authority of the court to enter the order in controversy was attacked on that appeal. This court held contrary to appellant's contention in that case.

The petition for leave to appeal and the answer disclose that the court below still has jurisdiction of the bankruptcy proceeding. Appellant complains of the delay in the entry of a final decree and the retention of jurisdiction of the proceeding by the lower court. Whether there is any

merit in this claim we are not in a position to determine, and, in fact, it is not apparent how that question could be determined on the appeal now sought. It is sufficient to note that the court, at the time of the entry of the order now sought to be appealed from, had jurisdiction of the parties and the subject matter.

Having held the restraining order was properly entered and it appearing that the court retained jurisdiction, we think the question as to when the restraining order should be dissolved is within the discretion of the District Court, and that, in view of our former decision, there is no good reason why the appeal should be allowed.

The petition for leave to appeal is denied.