**In re WEDGEWOOD HOTEL CO.**

**AMERICAN NAT. BANK & TRUST CO. OF CHICAGO v. RYAN.**

**No. 7756.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 24, 1942.

Bernard Nath and Isaac E. Ferguson, both of Chicago, Ill., for appellant.

Daniel P. Nagle and Austin L. Wyman, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order, entered June 19, 1941, subsequent to final decree, in a proceeding under Section 77B of the Bankruptcy Act, section 207, 11 U.S.C.A. The court's jurisdiction was challenged by motion to dismiss the petition, which was

denied. Subsequently, an answer was filed to the petition, a hearing had and decision on the merits.

The jurisdictional challenge is renewed here, to which we shall first give consideration. This necessarily requires a statement of the relief sought, as well as the status of the reorganization proceeding at the time the petition was filed. It appears from the petition that Wedgewood Hotel Company, the debtor corporation, had been in financial difficulties since March 15, 1923, when a mortgage for $500,000 was placed upon hotel property owned and operated by it. The mortgage being in default, a bill to foreclose was filed in the State Court June 5, 1931. Shortly thereafter, a proceeding was instituted in the District Court by the debtor corporation for reorganization. A plan was submitted and approved, but it soon became evident that the debtor was unable to meet the payments required. Consequently, that plan was abandoned and on March 25, 1938, a second plan of reorganization was proposed (the one involved in the instant proceeding).

This plan, having been assented to by the requisite number of creditors, was approved by the court August 24, 1938. By the plan, the debtor and the American National Bank and Trust Company of Chicago, (appellant) as trustee, were authorized to enter into a liquidating trust agreement, which was consummated September 1, 1938, designated as The Wedgewood Hotel Liquidation Trust. The plan provided that the trust should consist of 4400 units of which 95% were to be issued to the first mortgage bondholders of the debtor, and 5% to former stockholders. In accordance with the plan, the property was mortgaged in the amount of $42,000 for the purpose of paying delinquent taxes and expenses incurred in the reorganization proceedings. At the time the petition was filed, this amount had been reduced to $37,800.

A final decree was entered on April 7, 1939, which found that the plan of reorganization had been fully consummated except that some of the bondholders had not exchanged their bonds for units in the liquidating trust, and that the $42,000 had been expended as provided.

Article XIII of the Trust Agreement is set forth in the petition. The material portions are—

"This trust may be terminated at such time as the trustee in its sole discretion (except as hereinafter provided) may determine, or by the written direction lodged with the trustee, of the holder or holders of 60% of the units of beneficial interest then outstanding, it being the intention, however, that the trust property be sold and liquidated as soon after the institution of this trust as conditions may permit, and the net proceeds thereof distributed to the certificate holders; but if not sooner terminated, then this trust subject to the provisions hereinafter set forth shall terminate within ten years from and after the date hereof. Immediately upon the termination of this trust by lapse of time or otherwise, as herein provided, thirty days' notice in writing shall be given to all the certificate holders in the manner herein provided for, that all of the then undisposed of trust property held by the trustee hereunder will be sold, specifying the time and place of such sale; and at the time and place so stated all of said trust property shall be sold by the trustee as a whole or in parcels at public or private sale or sales as the trustee shall determine; * * *

\* \* \* \* \*

"Upon termination of the trust by lapse of time or otherwise, the trustee in lieu of selling the trust property and distributing the net proceeds thereof in the manner hereinabove provided, shall upon the direction in writing (which direction shall be furnished to the trustee within thirty days from the date of the termination of the trust by lapse of time or otherwise) in form satisfactory to the trustee, of the registered holders of two-thirds or more in amount of the units of beneficial interest then outstanding, convey the trust property, or any part thereof, to a corporation to be organized by the trustee under the laws of the state of Illinois, or such other state as may be determined by the trustee."

So far as material to the jurisdictional question, it seems unnecessary to state at length the further allegations of the petition. Briefly, it appears that petitioner (appellee) and other members of his family, as stockholders, received under the plan of reorganization five per cent of the units of the liquidating trust, and that at the time his petition was filed, claimed to have acquired by proxy or otherwise, more than two-thirds of such units. The petition disclosed that no formal notification and demand had been served on the trustee in conformity with the trust agreement, but alleged facts which, it is contended, amounted to a waiver on the part of the trustee.

The petition reveals a dispute between petitioner and the trustee as to the manner in which petitioner acquired the units which he claimed to control, and the price at which the trustee suggested to the unit certificate holders that the hotel property might be sold, which dispute, we think, is immaterial to the jurisdictional question.

The petition states: "Petitioner now seeks to effectuate a reorganization by causing a corporation to be formed, increasing the present mortgage and buying the securities held by the speculative group. * * *" The petition proceeds to set forth in detail petitioner's proposal for reorganization, including a termination of the trust, the organization of a corporation under the laws of the State of Illinois, issuance of shares of stock to the owners of units in the liquidating trust, and mortgaging the property in the sum of $70,000 for the purpose of paying the first mortgage, and expenses of the trustee, petitioner and their attorneys for services rendered in the new reorganization. It also proposed that from the new mortgage loan there be paid $21,614.32 for the purchase of 814.43 units of the liquidating trust and for the purchase of 226 additional certificates at $23.70 per unit. It also proposed the number, manner of election and length of term of a new Board of Directors and that petitioner and his brother, Frank Ryan, should be retained as managers of the hotel property. The petition concludes by praying, among other things, that the court interpret Article XIII of said trust agreement, approve the powers of attorneys and proxys held by petitioner, and that the trustee (appellant) be directed to accept the same "for the purpose of allowing petitioner to proceed with petitioner's plan of reorganization."

Petitioner's contention, sustained by the lower court, is that the court had jurisdiction to grant the relief sought. The trustee contends to the contrary. The only express reservation of jurisdiction in the court's order of August 24, 1938, confirming the plan of reorganization, is: "The court reserves jurisdiction herein to enter such further orders as may hereafter be deemed necessary or proper in connection with carrying out the terms and provisions of the plan of reorganization as amended and terminating this cause."

The final decree entered April 7, 1939, declares: "The plan of reorganization heretofore confirmed by this court is hereby declared in all respects to be fully executed, carried out and accomplished except as aforesaid."

The words "except as aforesaid" refer to a preceding paragraph in which it is stated that some of the bondholders have not called for the new securities to which they are entitled under the plan of reorganization, but which are on deposit with the trustee and are available upon the surrender of their bonds. Contrary to petitioner's contention, there is nothing in the decree confirming the plan which can be relied on in support of his present position. It is plain from the final decree, with the exception noted, that the matters and things over which the court reserved jurisdiction in its confirmation order, had been fully consummated prior to the entry of the final decree. The only express reservation in the final decree is: "The court reserves jurisdiction for the purpose of adjusting all disputes relative to the ownership of first mortgage bonds and interest coupons of the Debtor and relative to the issuance of new securities to which first mortgage bondholders are entitled under the plan of reorganization."

Following this reservation, the decree provides: " * * * the proceedings in this court entitled as hereinabove set forth, be and the same are hereby terminated and finally closed."

Admittedly, the relief sought in the instant petition is foreign to the matter over which the court expressly reserved jurisdiction; that is, disputes relative to the ownership of first mortgage bonds and the issuance of new securities therefor. It is plain that there is nothing in the final decree by which the court expressly retained jurisdiction over the subject matter of the petition. We do not understand petitioner to controvert this appraisement of the final decree, but it is contended the court has an implied or inherent jurisdiction to enforce its final decree and to aid in carrying out the plan. Assuming such to be the law, it affords no support to petitioner for the reason that the relief sought was foreign to, and in contravention of, the plan of reorganization as assented to by the creditors and approved by the court. In fact, the petition plainly discloses that another and different plan of reorganization was proposed. If consummated, the result would be a new plan of reorganization, not assented to by the creditors, superimposed upon the plan, assented to and confirmed.

It is further argued that the liquidating trust agreement should not be given effect as it vests too much power in the trustee relative to the time and manner of its termination, as well as in other respects. However this may be, it was a part of the approved plan, and the fact, if such it be, that the interested parties are not satisfied with its operation, does not aid the court's jurisdiction in the instant matter.

As did the court below, petitioner, in support of his position, relies upon the authority of In re Hermitage Bldg. Corporation, 7 Cir., 100 F.2d 597. We think such reliance is a misconception of our holding in that case. True, there as here, the matter litigated was subsequent to the entry of a final decree in the reorganization proceeding. As the court said, however, (page 598 of 100 F.2d) concerning such final decree: "* * * The decree, however, enjoined all the owners of the old common stock from instituting any actions at law or in equity in any court, based on such stock or any interest therein, or from enforcing any right or power arising by reason of the ownership of such stock, inconsistent with the provisions of the approved plan." The order appealed from permanently enjoined the petitioner, as a stockholder in the old corporation, from instituting suit interfering with the plan of reorganization as finally confirmed. Thus, the court, in its final decree, expressly reserved jurisdiction to restrain the attack which was sought to be made on the reorganized corporation.

As pointed out by petitioner, there is a similar injunctive order in the final decree in the instant case which, under our holding in the Hermitage case, would give the court jurisdiction to prevent any stockholder or bondholder of the old corporation from instituting a suit in derogation of the plan of reorganization as confirmed in its final decree. This is no valid reason, however, in support of jurisdiction to grant relief in contravention of the finally approved plan. As already pointed out, and as frankly stated in the petition, the petitioner in the instant matter sought to effect another reorganization different, at least in most of its aspects, from that assented to by the creditors and approved by the court. If the court has jurisdiction of the instant matter, it would appear that there is no limit upon its authority to alter or modify a plan of reorganization after it has been finally approved. That the court made no pretense of retaining such jurisdiction is plainly disclosed by its final decree. Furthermore, we think that such a reservation, if made, would have been unauthorized by the Act and without effect. The only authority to alter a plan of reorganization after it has been assented to by the creditors is found in Paragraph (f) which precludes the court from altering or modifying the plan in any material respect either before or after confirmation, except after resubmission to, and assent by, the creditors.

Having concluded that the court was without jurisdiction, the cause is reversed with directions to dismiss appellee's petition.