In re 4145 BROADWAY HOTEL CO.

THOMAS v. UNITED STATES.

SAME v. ROSSETTER et al.

No. 7888, 7891.

Circuit Court of Appeals, Seventh Circuit.

July 18, 1942.

Rehearing Denied Dec. 4, 1942.

Lloyd C. Whitman and Arthur S. Freeman, both of Chicago, Ill., for appellant.

Bernard Nath and Issaac E. Ferguson, both of Chicago, Ill., for appellees.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

These are appeals from an order, entered December 1, 1941, adjudging appellant guilty of contempt of court for disobedience of an injunction order entered by the same court in a corporate reorganization proceeding May 26, 1938, and reasserted in a decree entered August 6, 1940. The appeals involve the same order, raise the same question and have been here consolidated. The particular acts specified in the order were the sending to the holders of the voting trust certificates of the reorganized entity a circular letter dated March 15, 1941, the sending to said certificate holders a circular letter dated March 17, 1941, which falsely purported to be the letter of Rose Mary King of Eau Claire, Wisconsin, which was actually composed by appellant and caused to be printed and mailed by him, and the sending to said certificate holders a circular letter dated April 5, 1941. Appellant was ordered committed to the County Jail of Cook County, Illinois, for a term of ninety days.

The order appealed from was predicated upon findings of fact and conclusions of law which are incorporated in the order by reference. The findings contain a detailed narrative of the reorganization proceedings and appellant's activities in connection therewith. It appears that no good purpose could be served by a detailed statement of the facts so elaborately argued by appellant for the reason that the only real question presented has to do with the jurisdiction of the court to enter and continue in force the injunction order of May 26, 1938 (upon which the order appealed from was predicated), which order has been, on three different occasions, considered and construed by this court. In re 4145 Broadway Hotel Company, 7 Cir., 100 F.2d 7; Id., 7 Cir., 117 F.2d 639 and memorandum opinion Id., 7 Cir., 130 F.2d 487, filed April 27, 1939. Any person interested in the sordid history of this reorganization matter, if such there be, is therefore referred to the published reports. Furthermore, appellant has cautiously and, we think, prudently refrained from presenting any argument in defense of or

in extenuation of the punishment imposed by the District Court.

■ The jurisdictional argument revolves around two contentions: (1) That the court having confirmed the plan of reorganization of the debtor corporation March 7, 1935, it was without jurisdiction to enter the injunction order of May 26, 1938, and (2) that even though the court had jurisdiction to enter such order, the injunction, by its terms, expired at midnight on June 22, 1938. Obviously, if either of these contentions be sound, the court was without authority to enter the order appealed from predicated, as it was, upon the injunction order of May 26, 1938. Both of such contentions, however, have been decided heretofore by this court adversely to appellant and, after a further study of the situation, we find no reason to change our decision.

■ Appellant reiterates the contention that the court was without jurisdiction to enter the injunction order subsequent to the confirmation of the plan of reorganization. As noted in our former opinions, no final decree had been filed. So far as the record now before us discloses, no final decree has yet been filed. We need not inquire as to the reason for this long delay in the filing of a final decree. If such inquiry were pertinent, however, the persistent activities of appellant, no doubt, afford a partial reason. Appellant persists in the argument that when a debtor corporation has been reorganized, the purpose of the law has been attained and the jurisdiction of the bankruptcy court ends. Assuming this contention to be correct as a general proposition, its application is dependent upon the provisions of the plan as confirmed and reservations, not inconsistent therewith, contained in the order of confirmation. As our former opinions disclose, the proposed plan of reorganization and the reservations contained in the order of confirmation were such as to retain in the court jurisdiction to enter the injunction order.

■ Appellant mistakenly relies upon In re Corona Radio and Television Corporation, 7 Cir., 102 F.2d 959, in support of his contention in this respect. In this case we held the court without jurisdiction after final decree to entertain a creditor's claim against the debtor for which no provision had been made in the plan as proposed and confirmed. In the more recent case of In re Wedgewood Hotel Company, 125 F.2d 327, we again decided that the court, after

final decree, was without jurisdiction for the reason that the relief sought was inconsistent with the reorganization plan. Before final decree, however, there can be no doubt but that the court retains jurisdiction of the subject matter. By statute it is expressly authorized to change or modify the plan under certain circumstances. Section 207, sub. f, 11 U.S.C.A. sub. f. Moreover, sub. h empowers the court to put the plan into effect "under and subject to the supervision and control of the judge." It must follow, so we think, that the court has the authority to enjoin any act inconsistent with or which will interfere with the operation or execution of the plan as confirmed. This is the clear purport of the order of May 26, 1938.

The contention that the order expired by its own terms has also been decided adversely to appellant. Again the argument is made that the order was temporary rather than permanent. However that may be, the crucial and, we think, decisive point is that the order, by its own terms, was effective "until the further order of the court." On March 20, 1939, the District Court denied appellant's petition to vacate and terminate the order. A petition for leave to appeal was denied by this court and, in a memorandum opinion 130 F.2d 487 filed April 27, 1939, it was stated:

"Having held the restraining order was properly entered and it appearing that the court retained jurisdiction, we think the question as to when the restraining order should be dissolved is within the discretion of the district court, and that, in view of our former decision, there is no good reason why the appeal should be allowed."

On August 6, 1940, the order involved in the appeal in 117 F.2d 639, was entered. Here again appellant's activities were condemned as violative of the order of May 26, 1938. The injunctive order was assailed in this court as having expired by its terms, which contention was again, and we think rightly, decided adversely to appellant.

■ Thus, we have a situation where appellant, time and again, has been admonished to cease his activities as violative of the injunction order of May 26, 1938. For almost four years he has, on many occasions, exhibited a reckless and defiant disregard of the court's order. There is not a single circumstance suggested in mitigation of the intentional course pursued by him during all of this period. That the

court below has dealt both fairly and leniently with him is amply disclosed by the record.

The order appealed from is affirmed.