229 F.2d 314
 Matter of MUNTZ TV Inc., et al., Debtors.
BEST TV Inc., Charles E. Bennett, Robert Cicurcci and J. J.
Kilimnik, Appellants,
v.
C. Wylie ALLEN, Floyd G. Dana and Robert Friedlander,
Trustees of Muntz TV Inc., Appellees.
 No. 11554.
 United States Court of Appeals Seventh Circuit.
 Jan. 26, 1956.
Rehearing Denied Feb. 21, 1956.
 
 Raymond I. Suekoff, Chicago, Ill., J. J. Kilimnik, Philadelphia, Pa., Morris D. Spiegel, Chicago, Ill., for appellants.
 James Overton Brooks, Joseph W. Grady, Chicago, Ill., for appellee.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 LINDLEY, Circuit Judge.
 
 
 1
 On March 2, 1954, a petition for reorganization of Muntz TV Inc., was approved. This was followed by an order enjoining, inter alia, all creditors, stockholders and other persons from commencing or continuing any action at law or proceeding in equity in any court against the debtor or its trustees; from impounding, taking possession of, or interfering with any property in possession of the debtor or the trustees, and from interfering in any manner, during the pendency of the reorganization, with the exclusive jurisdiction of the bankruptcy court over the debtor, its trustees and their property.
 
 
 2
 On June 2, 1955, the trustees filed a petition seeking to restrain Best TV Inc., in Philadelphia, its attorneys, and its officers Bennett and Circurcci, from prosecuting an action Best had filed in the state court of Pennsylvania seeking to recover the sum of $6,250, the alleged value of certain television sets, and $50,000, as punitive damages, from the debtor and two individuals, Simberg and Kohlhof, alleged to have been acting in behalf of the trustees. The trustees averred that this suit amounted to an attempt by the respondents to interfere with the jurisdiction of the bankruptcy court, and prayed that they show cause why they should not be held in contempt of the original injunction, and why the action instituted by them in the Pennsylvania court should not be dismissed. Upon this petition, on June 2, 1955, the bankruptcy court directed respondents to show cause, on or before June 9, 1955, why they should not be held in contempt for having filed the Pennsylvania suit and why it should not be dismissed.
 
 
 3
 On June 16, 1955, the court conducted a hearing, in which no evidence was introduced other than the verified petition of the trustees and the statements of fact made by respective counsel. Insofar as those statements are not in dispute, we can rely upon them as stipulations of fact. At the hearing counsel for respondents appeared specially in order not to waive any possible jurisdictional objections.
 
 
 4
 From the statements of respective counsel, it appears undisputed that the suit in the Pennsylvania court involved an action for trespass, seeking punitive damages from the defendants therein of $50,000, and an attachment in aid thereof, attaching certain television sets alleged to be Best's property and said to have been illegally removed from its premises. Counsel stated truthfully that the trustees' petition did not aver that any claim was being made that the property attached belonged to the debtor or its trustees, or that they had any interest therein. On the contrary, he said, the attached property had been sold by the debtor to Best on open account, and title thereto had passed immediately upon shipment, so that the vendor, the debtor, and the trustees no longer had any interest therein. To these statements counsel for the trustees responded that he was not questioning the title to the property, and had no intention of doing so. He made no claim whatsoever that the debtor owned the property involved in the Pennsylvania suit or that it had any lien thereon or right of possession thereof. These facts, therefore, are established by agreement of the parties.
 
 
 5
 On the following day the bankruptcy court continued the hearing upon the petition for contempt until July 8, 1955, in order to secure a report as to what had been done and to hear the evidence thereon, but ordered the suit in Pennsylvania dismissed. The formal order directed that the matter be continued to July 8, at which time the respondents should report compliance, whereupon the court would hear the evidence and determine what should be done with regard to the alleged contempt. From this order the present appeal is taken.
 
 
 6
 Under Section 116 of the Bankruptcy Act, Title 11 U.S.C.A. § 516, the bankruptcy court may enjoin the commencement or continuation of any suit against the debtor and restrain all persons from attempting to enforce a lien upon its property. Under this section the court had the right to stay proceedings in any court against the debtor. In re 4145 Broadway Hotel Co., 7 Cir., 131 F.2d 120, certiorari denied Thomas v. United States, 318 U.S. 766, 63 S.Ct. 664, 87 L.Ed. 1137. This is because, under the Constitution, a federal court's jurisdiction in bankruptcy is paramount and exclusive, so that it may draw all controversies affecting the administration of the estate or the disposition of the debtor's property into the bankruptcy court. In re Cloisters Bldg. Corp., 7 Cir., 79 F.2d 694, certiorari denied Allen v. Cloisters Bldg. Corp., 296 U.S. 657, 56 S.Ct. 382, 80 L.Ed. 468. Consequently, a bankruptcy court may properly stay any court proceeding which interferes with its exclusive jurisdiction, or violates its express orders. Mar-Tex Realization Corp. v. Wolfson, 2 Cir., 145 F.2d 360. And a court of appeals cannot reverse a stay unless the discretion of the trial court has been abused. First National Bank in Houston v. Lake, 4 Cir., 199 F.2d 524, certiorari denied 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705.
 
 
 7
 It follows indubitably that the court, endeavoring to reorganize the debtor, having paramount and exclusive jurisdiction, had the right to stay any suit against the debtor and its trustees. Indeed, that postulate does not seem to be questioned, inasmuch as no appeal has been taken from the order granting the injunction. Consequently, the order from which the appeal is taken must be affirmed, insofar as it included a direction to dismiss the suit against the debtor in the state court.
 
 
 8
 In this connection it should be observed that, after the hearing before the bankruptcy court and after the appeal had been perfected, the respondents caused the action pending in Pennsylvania to be dismissed as to the debtor, so that there has been compliance with the district court's order, insofar as dismissal of that suit against the debtor was directed. Immediately the question is posed as to whether, in that situation, we should treat this appeal as moot, insofar as it involves the validity of the order directing dismissal against the debtor. We are loath to do so, for the reason that the order of dismissal was entered subsequent to the appeal in this case, and as a result questions may arise as to the allocation of costs as between the debtor and its trustees and the respondents, incurred up to the time of the dismissal. Accordingly, we affirm the order insofar as it relates to the debtor.
 
 
 9
 The suit in Pennsylvania is still pending against the individual defendants thereto, and the trustees seek an affirmance of the order insofar as it directed a dismissal as to those persons. They are not parties to the bankruptcy proceedings, and, though it was said they were the agents of Muntz Inc., there is nothing to show they were dealing with the property of that company. It is averred that they committed a trespass against Best, and it appears undisputed that the debtor has no interest in the property involved in the attachment, incidental to the action in trespass. The outcome of that lawsuit will, insofar as it runs against third persons, not affect in any way the property of the debtor. Its disposition can have no relevance to the reorganization, because that proceeding has to do only with property belonging to the debtor. Here we are not dealing with property of the debtor, but with property which counsel asserted was the property of other persons,-- a statement which counsel for trustees did not deny. In this situation, we think the court had no jurisdiction to restrain the suit as against the individual defendants thereto. Suits against persons concerning property which is not that of the debtor are not suits to enforce a lien upon the property of the debtor and are not an interference with the reorganization of the debtor's property. In re Patten Paper Co., 7 Cir., 86 F.2d 761.
 
 
 10
 On January 5, 1956, this court permitted the trustees to file a certified copy of an order dismissing a criminal suit as to Simberg, previously pending in Pennsylvania. In this supplemental transcript it appears that on the hearing for the dismissal of the criminal suit, Mr. Allen testified that the bankruptcy court had decided that the television sets belonged to Muntz and not to Best. Obviously, the witness was in error, as the bankruptcy court had made no such finding. Furthermore, the witness was testifying in another proceeding; he was not subject to cross-examination in this proceeding. His testimony, insofar as this appeal is concerned, is hearsay.
 
 
 11
 Accordingly, the order directing dismissal of the suit in Pennsylvania as to the individuals there made defendants is reversed. The order directing dismissal as to the debtor is
 
 
 12
 Affirmed.