## Goldfarb v. Dachis

*Nogi, O'Malley & Harris,* for plaintiff.
*Bensinger & Bensinger,* for defendant.

DAVIS, P. J., January 9, 1964.—This is a petition by Louis Dachis, individual defendant in an assumpsit suit brought by plaintiff, E. I. Goldfarb, for a rule to show cause why he should not be granted an extension of time for filing responsive pleadings to the complaint until 20 days after final adjudication in corporate reorganization proceedings, under chapter X of the Bankruptcy Act, relating to corporate defendant, Mountain Peak Mink Corporation, in the United States District Court for the Middle District of Pennsylvania. The assumpsit suit, brought August 22, 1962, was pending at the time the reorganization proceedings were insti-

tuted. Counsel for defendant has failed to attach to his petition a copy of the order made by the district court on November 29, 1962 (Note: November 27, 1962, according to plaintiff's brief, page 1) ; but we learn from plaintiff's brief that the relevant portion thereof reads as follows:

"Until further order of this Court, all persons, firms and corporations, their agents, representatives and attorneys, are hereby enjoined from commencing, or continuing any civil action, proceeding or process, or any administrative proceeding against the debtor or any of its property; or from in any wise obstructing or interfering with the exclusive possession or right of possession of or to the debtor's property by the trustee herein".

The question presented is the proper effect of this order upon the instant suit. The complaint declares upon multiple causes of action which should have been set forth as separate counts, as required by Pennsylvania Rule of Civil Procedure 1020(a). It may be observed that they fall into three categories: (1) the individual obligation of defendant corporation upon two promissory notes, dated November 15, 1960, payable to the order of Roselamb Tanning Corp., the one for the sum of $2,105.20, and the other for $2,600, both duly endorsed and negotiated to plaintiff; (2) the individual obligation of defendant, Louis Dachis, on an unpaid $500 check dated January 16, 1961, payable to plaintiff, no copy of which is attached to the complaint; and (3) the joint obligation of both defendants for a series of cash advances made by plaintiff from December 9, 1960, to April 14, 1961, in the total amount of $14,750. The complaint further avers that defendants, on January 31, 1961, pledged 950 fur skins as collateral security for the foregoing obligations. These were sold on September 6, 1961, for $15,200, thus providing, after deducting $2,417.50 storage charges, net proceeds

of $12,782 for the reduction of the outstanding indebtedness. Plaintiff then deducted the amount of credit from the total of all claims and demanded from defendants the balance of $7,172.70. It should be noted that under this pleading, all claims are blended together.

Authority for the order of the district court is found in the Act of Congress of July 1, 1898, c. 541, §116, as amended by the Act of June 22, 1938, c. 575, §1, 52 Stat. 885, 11 U. S. C. A. §516, which reads, in part:

"Upon the approval of a petition, the judge may, in addition to the jurisdiction, powers, and duties in this chapter conferred and imposed upon him and the court . . .

"(4) in addition to the relief provided by section 29 of this title, enjoin or stay until final decree the commencement or continuation of a suit against the debtor or its trustee or any act or proceeding to enforce a lien upon the property of the debtor".

It is clear that the order of the district court so made restrains further proceedings upon that portion of the instant suit which relates to the individual obligations of defendant Mountain Peak Mink Corporation: Murtaugh v. American Bus Lines, Inc., 127 F. Supp. 141 (U. S. Dist. Ct., W. D. Pa., 1954). Conversely, it would not restrain further proceedings against defendant Louis Dachis upon his individual obligation if properly pleaded: Muntz TV, Inc. v Allen, 229 F. 2d 314 (U. S. Ct. of App., 7th Cir., 1956); In Matter of Magnus Harmonica Corporation, 233 F. 2d 803 (U. S. Ct. of App., 3rd Cir., 1956).

It remains to consider the effect of the order involving the joint obligations of the two defendants. Counsel for plaintiff seek to establish the right to proceed against individual defendant Louis Dachis alone, thus severing the right of action against him from that against the defendant corporation. They cite: (1) Pa. R. C. P. 2232(f), which relates to actions to enforce

*joint and several* liability, and is, therefore, inapplicable to this case; and (2) Minner v. Pittsburgh, 363 Pa. 199 (1949), sustaining judgment against two joint defendants, although a third joint defendant was not served. This decision was made with implied reference to Pa. R. C. P. 2232(e), which provides:

"In any action to enforce joint liability, the entry of a judgment against one or more of the defendants shall not bar recovery in the same action against the other defendants or bar recovery in a separate action against the defendants named in the first action *but not served*". (Italics supplied.)

The general rule, however, is that a joint cause of action is single in nature, and may not be split into separate parts. It is supported by numerous decisions refusing severance, where the interest of plaintiffs is that of tenants by the entireties: Kline v. Ranken, 79 D. &. C. 260 (C. P. Montgomery Co., 1951); Kranchalk v. Simon, 80 D. & C. 289 (C. P. Dauphin Co., 1951); Rowles v. Johnson, 2 D. & C. 2d 753 (C. P. Clearfield Co., 1955); Molitoris v. Sullivan Trail Coal Co., 24 D. & C. 2d 438 (C. P. Luzerne Co., 1961). Failure of plaintiff to join a cotenant by entireties results in the dismissal of the bill of complaint: Laspina v. Schade, 18 D. & C. 2d 68 (C. P. Westmoreland Co., 1958). Likewise, where the cause of action is based upon a joint obligation, failure to join all joint obligors is a fatal defect in the proceeding: Baldwin v. Ely, 127 Pa. Superior Ct. 110 (1937); Bell, Secretary of Banking v. Gaidula, 45 D. & C. 547 (C. P. Lackawanna Co., 1939). In dealing with the question of severance of a joint cause of action, we can perceive no reason for treating a joint obligation differently from a joint right. The Restatement of Law, Contracts, §118, follows the same rule and provides as follows:

"In an action on a joint promise the judgment must be for or against all the defendants who were orig-

inally jointly bound unless judgment against one or more of the defendants is precluded by (a) death, or (b) lack of jurisdiction, or (c) contractual incapacity, or (d) a discharge in bankruptcy, or (e) a discharge or barring of the remedy by the Statute of Limitations. In any of these cases judgment may be given for or against the others".

Accordingly, the order entered by the district court operates upon the joint obligations of defendants as a unit, and not merely upon defendant corporation as a joint obligor.

Since the case may not proceed to judgment while the restraining order of the Federal court is in effect, we will not require defendant, Louis Dachis, to plead further at this time. However, this opinion and order should not be construed to preclude plaintiff from amending pleadings so that the claim of plaintiff against Louis Dachis individually, and not jointly, may be considered.

### ORDER

And now, January 9, 1964, rule is made absolute as hereinafter limited; defendant, Louis Dachis, is granted an extension of time for filing responsive pleadings, until 20 days after the restraining order of the United States District Court for the Middle District of Pennsylvania, hereinbefore referred to, becomes ineffective.