ELIZABETH ROPER, as Attorney in Fact of MILARD KING ROPER, Plaintiff, *v.* PATRICK WALSH, as Fire Commissioner and Chief of Department of the Fire Department of the City of New York, JOSEPH D. MCGOLDRICK, as Comptroller, and FIORELLO H. LAGUARDIA, as Mayor of the City of New York, and THE CITY OF NEW YORK, Defendants.

First Department, June 8, 1942.

*Malcolm J. Hartsell* of counsel [*Parnell J. T. Callahan* with him on the brief; *Hartsell & Callahan*, attorneys], for the plaintiff.

*Jeremiah M. Evarts* of counsel [*Oscar L. Tucker* with him on the brief; *William C. Chanler, Corporation Counsel*], for the defendants.

TOWNLEY, J. Plaintiff is the wife and attorney-in-fact of one Milard King Roper, fireman, first grade, employed by the New York

city fire department. He was appointed April 1, 1939, and on and after April 1, 1942, he was a fireman, first grade. On March 9, 1942, he applied for enlistment in the United States Naval Reserve and was duly enlisted in the reserve on March 16, 1942, in the rank of apprentice seaman. Roper did not obtain any consent from his superiors in the fire department prior to his enlistment. Roper *was ordered* to active duty on April 17, 1942. He was on vacation at this time. His vacation would have terminated on April 24, 1942. On April sixteenth he submitted a request for a leave of absence. He has not received any compensation or salary after April 16, 1942. He is carried on the rolls of the fire department as being " absent for military duty, without pay during such absence."

According to the terms of the submission of controversy, the record in the case on appeal of *Matter of Williams* v. *Walsh* (264 App. Div. 839), which was argued herewith, is deemed a part of the record for the purpose of referring to such facts therein as may be applicable to this case. In the *Williams* case Henry M. Williams was a fireman, first grade, who was appointed August 1, 1938. On November 27, 1941, he applied for enlistment in the United States Marine Corps Reserve. On January 26, 1942, Williams was enlisted in the United States Marine Corps Reserve. On January 27, 1942, while a member of the said reserve, he *was ordered to active duty* and has been on such duty in the military service as a member of the United States Marine Corps Reserve. He is now being carried on the department records as " absent without leave."

The question is whether these men are entitled to thirty days' full pay as firemen of the city of New York and to the difference between the city compensation and the military compensation of these firemen during the period of their absence under section 245 of the Military Law.

The said section as it stood after the amendment of 1936, in so far as it applies to this particular controversy, reads in part as follows: " Every * * * employee * * * of a municipal corporation * * * who is * * * a member of the reserve corps * * * in the Federal military, naval or marine service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty * * *. Notwithstanding the provisions of any general, special or local law or the provisions of any city charter, no such officer or employee shall be subjected by any person whatever directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege * * *. During the absence of

any such officer or employee, while engaged in the performance of ordered military or naval duty * * * as a member of the reserve corps or force in the Federal military, naval or marine service, he shall receive his salary or compensation as such officer or employee, provided the period of such absence in any calendar year does not exceed thirty days. If the period of such absence in any calendar year exceeds thirty days he shall receive for the period of absence in excess of thirty days such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty."

Section 245 of the Military Law as above quoted was passed at a time when by Federal law (U. S. Code [1934 ed.], tit. 34 — Navy, §§ 751, 752, 753) there had been created a Naval Reserve and a Marine Corps Reserve which were to be composed of " male citizens of the United States and of the insular possessions of the United States who by appointment *or enlistment* therein, under regulations prescribed by the Secretary of the Navy * * * obligate themselves to serve in the Navy in time of war or during the existence of a national emergency declared by the President * * *. And provided further, That no existing law shall be construed to prevent any member of the Naval Reserve from accepting employment in any civil branch of the public service, nor from receiving the pay and allowances incident to such employment in addition to any pay or allowances to which he may be entitled under the provisions of this chapter." (Italics our own.)

Section 752 provides that the Marine Corps Reserve " is created and established as a component part of the United States Marine Corps, under the same provisions in all respects * * *" as are or shall be provided for the Naval Reserve.

We thus have a system for raising a reserve *in times of peace or war* principally *by voluntary enlistment* of any citizen of the United States whether or not he be in the Federal, State or municipal civil service.

The two cases before us are type cases of voluntary enlistment by civil service employees of the city of New York in the Naval and Marine Corps Reserves, respectively. Such enlistments are contemplated and provided for by the Federal law.

Section 245 of the Military Law has a long history. This history has varied according to the needs of the particular emergencies which have arisen. The variations have been provided for each in its own time by the Legislature of the State as seemed wise at the time. The amendment of 1936, above noted, was designed to protect such New York State and municipal civil service employees as should volunteer in these reserves either in peace or war time.

While section 245 of the Military Law as amended in 1936 was in full force and effect, Congress repealed sections 751, 752 and 753 of title 34 of the United States Code, as above discussed, by a comprehensive statute passed in 1938 designed to reorganize the Naval and Marine Corps Reserve. The composition of the Naval Reserve under the new statute in so far as it affects the plaintiffs herein remained the same. (See U. S. Code [1940 ed.], tit. 34 — Navy, § 853b.) Under section 853a, the United States Marine Corps Reserve as established under the act of 1925 was abolished and a new Marine Corps Reserve under substantially the same provisions was created and consisted again, so far as possible, of the same type of personnel as was provided for the Naval Reserve in section 853b. This was the legal status of the Naval and Marine Corps Reserve at the time of the outbreak of war.

Voluntary enlistments in these reserves were continued under authority of the Secretary of the Navy after the outbreak of war. The resulting situation was drawn to the attention of the Legislature of this State. Chapter 255 of the Laws of 1942, an amendment of section 245, was passed and went into effect on April 1, 1942. This amendment limited the special privileges of section 245 to State and municipal civil service employees who were in the reserves above specified on or before April 1, 1942. The amendment made no distinction as to the time of enlistment of the various members of the reserve who were also civil service employees. There is nothing in the statute to suggest that voluntary enlistments made by civil service employees after the outbreak of hostilities had the effect of putting such enlistees in any different category from that of citizens who had joined the reserve prior thereto. We hold that the law as it stood at the time Williams and Roper enlisted gave them all the privileges of section 245 of the Military Law. They are furthermore both on " ordered " military duty within the meaning of the statute.

As above noted, Williams is carried as " absent without leave " on the departmental records, and Roper is carried, according to the submission, as " absent for military duty, without pay during such absence." Attention should be drawn to a part of section 245 of the Military Law which provides that during an absence arising under the protection of this statute, no employee shall be " prejudiced by reason of such absence with reference to promotion or continuance in office or employment or to re-appointment to office or to re-employment." This provision overrides any departmental regulations or any other provisions which would tend to diminish in any way the privileges granted by the said section. These employees are entitled to have their official records show

that they are absent in accordance with, and are fully protected by, the provisions of section 245 of the Military Law.

Judgment should be granted for the plaintiff as prayed for in the complaint, without costs.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; DORE, J·, dissents.

Judgment directed for the plaintiff as prayed for in the complaint, without costs. Settle order on notice.