Close, J.
The plaintiff, who had been employed by the defendant, County of Westchester, as a Deputy Sheriff and jail guard, was inducted into the United States Army in April, 1941, pursuant to the Selective Training and Service Act of 1940 (U. S. Code, tit. 50, appendix, § 301 et seq.) Upon the approval by the President in August, 1941, of the Act of Congress (55 *164 U. S. Stat. 621) permitting the release of inductees over the age of twenty-eight years from active service and providing for their transfer to the Enlisted Beserve Corps, the plaintiff, being over that age, was transferred to the Enlisted Beserve Corps and thereupon resumed the performance of his duties as an employee of the defendant. On January 23,1942, having been recalled to active military service, the plaintiff obtained a leave of absence from his employment pursuant to the provisions of section 246 of the Military Law (Cons. Laws, ch. 36). He commenced such ordered military service on January 24, 1942, and thereafter instituted this action to recover from the defendant his salary for the first thirty days of his ordered military service, claiming to be entitled thereto by virtue of the provisions of section 245 of the Military Law. That section, as it existed in January, 1942, conferred certain benefits, including the relief here sought by the plaintiff, upon every public officer and employee ££ who is a member of the national guard or naval militia, or a member of the reserve corps or force in the federal military, naval or marine service,” during the absence from his employment ££ of any such officer or employee, while engaged in the performance of ordered military or naval duty as a member of the national guard or naval militia, or as a member of the reserve corps or force in the federal military, naval or marine service,
The defendant contended that the plaintiff was not a member of the “ reserve corps or force ” in the Federal military service within the meaning of such term as employed in section 245 of the Military Law. In granting plaintiff’s motion for summary judgment the Special Term declared that the language employed in the statute was too clear for construction and that no retroactive effect could be given to chapter 727 of the Laws of 1942, effective May 8,1942, which amended section 245 of the Military Law by providing that the section 16 shall not apply to any officer or employee inducted into military or naval service pursuant to the federal selective service act of nineteen hundred forty, or any amendment thereto, nor to any officer or employee, so inducted, who is. discharged from, and thereafter recalled to, active service.”
“ Construction by the court will not be resorted to when the words employed by the Legislature have a definite and fixed meaning, and the purpose and intent <?f the act are apparent and certain.” (Glennie v. Falls Equipment Co., Inc., 238 App. Div. 7, 11.) If the term ££ reserve corps ” which was incorporated in section 245 of the Military Law in 1923 had a definite *165 and fixed meaning which has remained unchanged so as to connote and describe the same class of persons as does the term “ Enlisted Reserve Corps,” employed in the formal discharge of the plaintiff from active service, no problem of construction would be involved. However, to accept the similarity of the terms ‘ ‘ Enlisted Reserve Corps ’ ’ and ‘6 reserve corps or force, ’ ’ as a bar to the construction of the statute would be an extreme example of following the letter rather than the spirit of the law. “ The exact and literal wording of a statute may sometimes be rejected if, upon a survey of the whole act and the purposes to be accomplished, it is plain that such exact or literal rendering of the words would not carry out the legislative intent, * * (Drew v. Village of White Plains, 157 App. Div. 394.) To refuse construction in this case would be to disregard the intent and purpose of the Legislature in enacting section 245 of the Military Law and to ignore the fact that the “ Enlisted Reserve Corps,” of which plaintiff became a member, connoted a class of persons more comprehensive than the “ reserve corps or force ” mentioned in that statute.
The “ Enlisted Reserve Corps ” in 1941 described a class composed of both voluntary and involuntary members. The plaintiff’s membership in such corps was purely involuntary. His induction into the army in April, 1941, pursuant to the Selective Training and Service Act, was involuntary and when the law was approved in August, 1941, providing "for the release of inductees over the age of twenty-eight years from active service, the plaintiff’s transfer to the Enlisted Reserve Corps was also involuntary. He had no choice but to remain in active service as a conscripted member of the armed forces or to become a member of the “Enlisted Reserve Corps.”
The history of section 245 of the Military Law discloses the intent of the Legislature both in enacting and amending the section to protect only public employees who should voluntarily enlist in the reserve forces of the country. The basic purpose of the law was to provide against loss of salary or employment through ordered duty by those public employees who should voluntarily sacrifice their time and voluntarily pledge their future services to the cause of the federal government when such services should be required in time of need. The statute also fostered war service to the nation. (Hoyt v. County of Broome, 285 N. Y. 402.) The statute was enacted in 1911, when the necessity for a conscripted army was not contemplated by the Legislature. As originally enacted the benefits of the statute were conferred on those public employees who were members *166 of the National Guard or Naval Militia, which were composed of only voluntary members. Although the privileges of the statute were extended to drafted men during the first World War by chapter 435 of the Laws of 1917, the Legislature in 1920 eliminated all reference to drafted men from section 245 of the Military Law and again confined the protection of the law to the voluntary units, the National Guard and Naval Militia. When in 1923 members of the “ reserve corps or force in the federal military, naval or marine service ” were brought within the coverage of section 245 of the Military Law, there was in existence a definition of “ Enlisted Reserve Corps ” in the Federal statutes. The United States Code, title 10, chapter 20, section 421, defined “Enlisted Reserve Corps” as follows: ‘ ‘ Composition of Enlisted Reserve Corps. — The Enlisted Reserve Corps shall consist of persons voluntarily enlisted therein.” In 1923 and thereafter to 1940 there were no conscripted armed forces of the United States and the Federal statutes had created a system for raising a reserve by voluntary enlistment. Section 245 of the Military Law should, therefore, be construed in the light of the circumstances in which it was enacted and thereafter amended so as to include members of the “ reserve corps or force in the federal military * * * service.
* * *.” In Roper v. Walsh (264 App. Div. 325, 327) section 245 of the Military Law was construed in relation to the Federal statutes providing for the voluntary services of the Marine Corps Reserve. It was there said: “ The amendment of 1936, above noted, was designed to protect such New York State and municipal civil service employees as should volunteer in these reserves either in peace or war time.”
The obvious purpose of the Legislature was to protect public employees who voluntarily entered the reserve forces; and not only has section 245 of the Military Law not been extended in the present war to conscriptees or to involuntary members of the Enlisted Reserve Corps but it has been amended by chapter 255 of the Laws of 1942, effective April 1, 1942, to limit its applicability to “ Every officer and employee of the state * * * who is on or before the date this subdivision as hereby amended takes effect a member of the national guard or naval militia, or a member of the reserve corps or force * * *.”
The ‘ ‘ Enlisted Reserve Corps ’ ’ of which plaintiff was a member was not the same Reserve Corps mentioned in section 245 of the Military Law for the terms, although similar, connoted different classes of persons — one composed of both voluntary and involuntary members, and the other of only voluntary *167 members. The amendment of section 245 of the Military Law, (L. 1942, ch. 727) effective May 8, 1942, was, therefore, not intended to operate retroactively so as to defeat or diminish the rights of persons theretofore entitled thereto, but such amendment, having been necessitated by the enlargement of the comprehension of the term “ Reserve Corps ” beyond the meaning of that term as employed in the amendment of 1923, was merely declaratory and definitive of the existing law.
The order granting plaintiff’s motion to strike out defendant’s answer and for summary judgment, and denying defendant’s cross-motion for judgment dismissing the complaint, and the judgment in favor of the plaintiff entered thereon, should be reversed on the law, without costs, and the plaintiff’s motion should be denied, and the defendant’s cross-motion granted, without costs.
Lazansky, P. J., Caeswell, Johnston and Adel, JJ., concur.
Order granting plaintiff’s motion to strike out defendant’s answer and for summary judgment, and denying defendant’s cross-motion to dismiss the complaint, and the judgment entered thereon, reversed on the law, without costs, and the plaintiff’s motion denied and the defendant’s cross-motion granted, without costs.