## MERCHANTS' BANK & TRUST CO. v. C. L. THURMAN MOTOR CO. et al. *

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

No. 4383.

1. **Bills and notes** ⬤�ート383—Acceptance held not subject to defense of payment against holder in due course.

Under Negotiable Instrument Law of Tennessee, acceptance is not subject to defense of payment against holder acquiring it in due course, for value, without notice, before maturity.

2. **Bills and notes** ⬤⟷525—Evidence held to show that bank, purchasing trade acceptance, surrendered possession after maturity and reacquired it as collateral security.

Evidence *held* to show that bank, which purchased trade acceptance in due course, surrendered possession thereof after maturity and reacquired it as collateral security for note.

3. **Bills and notes** ⬤⟷351—Bank, surrendering overdue trade acceptance and reacquiring it as collateral security, takes subject to defenses.

Where bank surrendered overdue trade acceptance to its transferor, and at once reacquired it as collateral for transferor's note, it reacquired acceptance subject to all defenses against original payee.

*Certiorari denied 46 S. Ct. 470, 70 L. Ed. ——.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Action by the Merchants' Bank & Trust Company against the C. L. Thurman Motor Company and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Frank Montgomery, of Knoxville, Tenn., and J. E. Alexander, of Winston-Salem, N. C. (Donaldson & Montgomery, of Knoxville, Tenn., on the brief), for plaintiff in error.

W. T. Kennerly, of Knoxville, Tenn. (A. M. Paine, of Sevierville, Tenn., on the brief), for defendants in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. On February 22, 1919, the C. L. Thurman Motor Company, the sole owner of which was C. L. Thurman, purchased two Bethlehem trucks from W. Irvin Young & Co., executing in payment therefor a trade acceptance of that date for $4,157.20, due 90 days after date. Young & Co. sold the acceptance to the Merchants' Bank & Trust Company on May 14th, and the latter company caused it to be presented for payment, which was refused. It was protested and returned to Young & Co. Thereafter Young & Co. procured from Thurman a renewal of the acceptance. The renewal was taken to the Merchants' Bank & Trust Company July 1st, and accepted by it in lieu of the first acceptance. On December 30th, long after the acceptance was due, Young & Co. executed to the bank a note of $12,000 covering various items of indebtedness due the bank, including the acceptance in question, which was surrendered, but at once attached to the new note as collateral. It was stated on the face of the note that, "having deposited with said bank the collateral stated hereon as security for payment of this or any other liability or liabilities of we, or either of us, to said bank, due or to become due, or which may be hereafter contracted, with full power and authority to said bank to sell, assign and deliver the whole or any part thereof, etc." The acceptance was listed on the back of the note as "collateral," with other notes and some stock of a motor corporation. Prior to the pledging of it as collateral Thurman paid it to Young & Co. That company failed, and this suit was brought against defendants in error to recover on the acceptance.

[1-3] There is no controversy as to the facts. Under the Negotiable Instrument Act of Tennessee (Laws 1899, c. 94), if plaintiff was the holder of the acceptance in due course for value, without notice of infirmity, and had become such before the maturity thereof, it was not subject to the defense of payment to Young & Co. It was such holder prior to December 30th, when it accepted the note of $12,000, which included, among other indebtedness, the amount of the trade acceptance. The District Judge was of opinion, after carefully considering the testimony of Maslin, the president of the plaintiff company, that in the transaction of December 30th the bank surrendered the acceptance as holder in due course and reacquired it as collateral to secure the payment of the note— that is to say, the transaction changed the status of the bank from that of a holder in due course to the taker and holder of an overdue paper as collateral, which was subject to any valid defense that the acceptor had against it.

In opposition to this finding plaintiff refers to Dies v. Bank, 129 Tenn. 89, 165 S. W. 248, Ann. Cas. 1915A, 1090. It was there held on undisputed authority that "the intention of the parties" controlled, and it was found that the note "was in point of fact not accepted by the bank even as a renewal, but only as an additional evidence of the indebtedness." Here the weight of the evidence, we think, discloses a different purpose. Upon the execution of the note the acceptance was marked paid, and disappeared from the books of the bank, remaining in the custody of the bank, so far as its records show, because attached to the note as collateral. These facts, with the testimony of Maslin, show, in our opinion, an intention to accept the note in satisfaction and discharge of the rights that accrued on the taking of the acceptance.

In Melton v. Trust Co., 190 F. 126, 111 C. C. A. 166, the note was pledged before maturity, which under established rules was a transfer for value in due course. In the instant case the pledging occurred after the acceptance was due, and after plaintiff was put on notice by nonpayment of probable defenses to it, a valid one being that it had theretofore been paid. On the evidence adduced, it is clear that when the bank accepted the note it surrendered its right as a holder of the acceptance in due course, and became a taker and holder thereof subject to such defenses as might then have been asserted against it in the hands of the original payee.

Judgment affirmed.