**WRIGHT et al. v. CITY NAT. BANK & TRUST CO. OF BATTLE CREEK et al.**
**No. 7971.**

Circuit Court of Appeals, Sixth Circuit.
June 5, 1939.

Henry S. Blum, of Chicago, Ill. (John McNeil Burns, of Detroit, Mich., and Henry S. Blum and Bernard Sang, both of Chicago, Ill., on the brief), 'for appellants.

Burritt Hamilton, of Battle Creek, Mich., and Louis C. Wurzer, of Detroit, Mich. (Louis C. Wurzer, of Detroit, Mich., and Burritt Hamilton, of Battle Creek, Mich., on the brief), for appellees. ·

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This is an appeal from an order of the District Court overruling exceptions to the Special Master's report disallowing a claim of a mortgage trustee and compensation claims of members of a committee and their counsel in a reorganization proceeding under section 77B (h) of the Bankruptcy Act, 11 U.S.C.A. Section 207(h).

The A-B Stove Company, a Michigan corporation, on June 26, 1934, filed a petition for reorganization under the above section and the appellee, City National Bank & Trust Company of Battle Creek, Michigan, was duly appointed trustee. On January 31, 1935, the court confirmed a plan of reorganization, which so far as is pertinent here, provided in substance that all the assets of every kind of the corporation should be transferred to the trustee and in turn sold by it to the Marshall Furnace Company, a corporation of Battle Creek, Michigan. The entire inventory of the debtor was to be acquired by the purchasing corporation free and clear of all tax claims, labor claims, liens and encumbrances. The plan provided for payment partly in cash and partly in stock of a new corporation to be formed by the purchasing corporation. The trustee, City National Bank & Trust Company, under the plan, was to collect all debts and receive all moneys due the debtor corporation, including the proceeds of the sale of its assets, to pay all legal claims and debts of secured and unsecured creditors entitled to priority and, under the express direction of the committee, all claims in amounts of less than $50.00  The committee was authorized as it saw fit to adjust, or compromise any debts owing by or demands upon the debtor corporation.  The trustee was to act under the general direction of the committee, except as to the distribution of the shares of the new corporation, and was not required to exercise its discretion. The trustee or the committee, in winding up the affairs of the debtor corporation, was authorized as deemed necessary to employ their own assistants including attorneys, and to fix their compensation.  The committee was also authorized to fix the compensation of the trustee.

The plan also provided:

"Members of the committee shall be entitled to reasonable compensation for their services as fixed by them and in addition thereto their necessary expenses for travel."

The court, in its order of confirmation, provided that the disbursements made by the trustee should be subject to its orders and also reserved jurisdiction to make such other and further orders as it deemed necessary to carry out the plan of reorganization and complete the liquidation and dissolution of the debtor.

Appellants, Frank G. ·Wright, E. R. Guyer and Charles D. Green, deceased, were named in the plan as the reorganization committee, and selected appellants, Henry S. Blum, Albert M. Blum, and Samuel F. Jacobson, as its attorneys in which capacity they acted in carrying out the plan of reorganization.

In due course, the appellee trustee, City National Bank & Trust Company, filed with the court its report and therein stated that the reorganization committee had approved, and it requested authority to pay, an allowance to the appellant, Frank G. Wright, for services and expenses of $1,578.97 on which there had been paid pursuant to order of the court, $878.97, leaving a balance due of $700.00; to the appellant, Edward R. Guyer, $1,131.87, on which there had been paid $731.86, leaving a balance due of $400.00; to the estate of Charles C. Green, $1,066.80, on which there had been paid $666.80, leaving a balance due of $400.00. It stated the committee had approved an allowance to appellants Henry S. Blum, Albert M. Blum and Samuel F. Jacobson for services and expenses of $11,405.22, on which there had been paid pursuant to the order of the court, $8,905.22, leaving a balance due of $2,500.00. It stated it had also approved a claim of $384.00 of the Continental Illinois National Bank & Trust Company for compensation as trustee under a trust mortgage of the debtor.

The court referred the trustee's report to its Master for exceptions and settlement, who allowed Wright, in addition to the amount theretofore paid him, $133.65, or a total allowance of $1,012.62; Guyer, $100.00, or a total allowance of $831.86; Green, $100.00, or a total allowance of $766.80. He allowed the Blums and Jacobson, in addition to the amount theretofore paid, $120.15, or a total allowance of $9,025.37, and disallowed in its entirety the claim of the Continental Illinois National Bank & Trust Company.

Appellants whose claims were disallowed wholly or in part excepted to the Special Master's report on the ground that the court was without jurisdiction to revise or disapprove claims allowed by the reorganization committee for expenses incurred or debts accrued in carrying out the plan. The exceptions were overruled and the jurisdiction of the court sustained and appellants press upon us the issues urged below.

Appellants insist that the plan of reorganization empowered the trustee or creditors' committee to employ their own assistants, including attorneys, in winding up the affairs of the debtor and in collecting, realizing and distributing the trust assets and that the committee was empowered to fix its compensation and that of the trustee, attorneys and assistants. From these facts the appellants argue that the reorganization agreement approved by the court constituted a binding contract and ousted the court of jurisdiction to revise or reduce any expenditures made by the trustee at the direction or approval of the committee.

Section 77B (h) of the Bankruptcy Act, 11 U.S.C.A. § 207(h), provides in substance upon the final confirmation of the plan of reorganization, its terms shall be carried out and put into effect under the orders of the judge and "subject to the supervision and control of the judge" and only when the proceedings are terminated shall there be a final decree entered discharging the trustee and closing the case.

The judge is required to scrutinize, and may disregard, any limitations or provisions of any depository agreements, trust indentures, committee or other authorizations affecting any creditor acting under this section and may restrain the exercise of any power which he finds to be unfair or not consistent with public policy.

The statute is very broad in its terms and the court is given a wide latitude in administering the affairs of a corporation from the time the petition is filed until reorganization is fully and finally consummated. The breadth of authority conferred upon the court calls for extreme caution in its exercise and the judge must have constantly in mind the purpose of the statute and apply it so the estate will not be burdened by allowances to those who have made no real contribution to the work of reorganization.

The order confirming a plan of reorganization is not the equivalent of a judgment and is no more than a step in the administration of the debtor's estate and does not terminate the jurisdiction of the court. Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 166, 56 S.Ct. 405, 80 L. Ed. 557; Shulman v. Wilson-Sheridan Hotel Company, 301 U.S. 172, 174, 57 S.Ct. 680, 81 L.Ed. 986. Allowances to committees, attorneys, trustees and receivers in proceedings under Section 77B of the Bankruptcy Act are made in the exercise of judicial power by the court and the parties cannot, by a provision in a reorganization plan, oust the court of its authority in this respect or relieve it of its duty or responsibility. Any reorganization plan providing, by agreement of parties, for the payment of fees to attorneys or allowances to receivers, trustees or committees in its execu-

tion without the approval of the court, is contrary to public policy and void because in direct conflict with the statute. Williams v. Great Lakes Terminal Warehouse Company, 6 Cir., 87 F.2d 115.

The lower court, in its order approving the plan of reorganization, expressly provided that all disbursements by the trustee should be made as the court directed, which was tantamount to a disapproval of the plan insofar as it conferred on the reorganization committee, the authority to fix the compensation of the committee or its attorneys or other disbursements of the trustee. Decree of the District Court is affirmed.