## YOUNG v. HIGBEE CO. et al.
### No. 9637.

Circuit Court of Appeals, Sixth Circuit.
May 15, 1944.

See also 50 F.Supp. 114.

Robert W. Purcell, of Cleveland, Ohio, for appellant.

J. Fred Potts and L. C. Wykoff, all of Cleveland, Ohio (Charles K. Arter, L. C. Wykoff, J. Fred Potts, and Paul S. Knight, all of Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the briefs and record and oral argument of counsel.

And it appearing that this controversy arises out of the sale on or about March 7, 1942, of 250 shares of preferred stock of the Higbee Company, debtor, in a reorganization proceeding, and ten shares of stock in the same company owned by J. F. Potts and William W. Boag respectively, to C. L. Bradley and J. P. Murphy, for a total consideration of $115,000, an amount far in excess of the value of the shares;

And it appearing that Potts and Boag at the time of the sale were prosecuting an appeal from the order of the United States District Court for the Northern District of Ohio, Eastern Division, confirming the amended plan of reorganization of the debtor, which was dismissed March 11, 1942;

And it appearing that the amended application of appellant for institution of proceedings filed herein prays that an order be entered either (1) authorizing him to employ counsel on behalf of the debtor to institute proceedings against J. F. Potts, William W. Boag, C. L. Bradley, J. P. Murphy and any other party who may be liable, to compel an accounting and payment over to the debtor of a sum equal to the difference between the fair value of the preferred stock which was sold by Potts and Boag to Bradley and Murphy and the sum of $115,000, or (2) directing the same individuals to pay to the first preferred stockholders of the debtor the difference between the fair value of such preferred stock and the sum of $115,000;

And it appearing that the relief sought is an accounting primarily from Potts and Boag and secondarily from Bradley and Murphy, the claim being based upon the contention that (a) Potts and Boag in the prosecution of their appeal to this court were acting for themselves and all preferred stockholders, or (b) that Potts and Boag in the prosecution of their appeal were asserting a derivative right belonging to the debtor; and (c) that Bradley and Murphy, at the time of the sale, knew that Potts and Boag were acting in one or the other of such capacities and that they intended to make no accounting of the sums paid and to be paid by Bradley and Murphy;

And it appearing from the findings of the master, confirmed by the District Court and supported by the evidence, that Potts and Boag represented no other stockholders than themselves and acted only for themselves individually and not as representatives of a class, both in the filing of objections to the confirmation of the amended plan of reorganization and in prosecuting their appeal from the court's order confirming the amended plan of reorganization, and at no time asserted a derivative right belonging to the debtor:

It is ordered that the order of the District Court entered June 18, 1943, adopting all the findings of fact of the special master and in the main ratifying, approving and confirming the ad interim report of the special master filed March 24, 1943, overruling objections and exceptions thereto, and denying and dismissing the amended application of appellant for institution of proceedings, be, and it is in all things, affirmed.