ABRAHAM CALDERON, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, May 22, 1945.

*Hyman A. Hochman* and *Irving Payson Zinbarg* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (William A. Dempsey* of counsel), for defendant.

Koch, J. This is an application by defendant to set aside the verdict of a jury awarding damages of $122,000 in favor of plaintiff against defendant. Sufficient evidence was presented to raise a question of fact on the issue of negligence. This motion presents two points which will be here discussed.

Defendant contends that the service of a notice of claim, as required by subdivision c of section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929), was not timely and therefore plaintiff's action is barred. Plaintiff was in the military service of the United States at the time of the occurrence and for the entire six months during which the notice should have been served. Despite this conceded fact, defendant nevertheless contends that section 205 of the Soldiers' and Sailors' Civil Relief Act* (U. S. Code, tit. 50, Appendix, § 525, as amd.) does not relieve plaintiff of the necessity of serving the proper notice within the statutory period, since a statute requiring a plaintiff to serve a '' notice of claim '' is not strictly a Statute of Limitation. In the opinion of this court, it is entirely immaterial what label or legal designation be applied to the notice of claim, whether it be called a Statute

---

* This section excludes the period of military service in computing " any period now or hereafter to be limited by any law for the bringing of any action ". — [Rep.

of Limitation, a condition precedent or even a " circumstance necessary to the creation of such right ". The nomenclature is unimportant and defendant's contention is untenable.

Defendant further contends that the amount of the verdict, $122,000, is grossly excessive. The injuries sustained by plaintiff consisted of slight injuries to the leg and head. Medical testimony adduced by plaintiff indicated that plaintiff is suffering from a permanent progressive traumatic epilepsy which is incurable and in time will result in a state of dementia. There is no direct evidence that the injury which plaintiff received as a result of the alleged negligence of the defendant was the competent and producing cause of this condition. Plaintiff's two medical witnesses admittedly examined plaintiff on only one occasion, and this was for the purpose of testifying at the trial. Their testimony was limited to their opinion, in answer to a hypothetical question, that the condition could have been caused by the injury. Opposed to this is the direct positive testimony of four United States Army doctors, wholly disinterested in the issue between plaintiff and defendant, that plaintiff's condition was " constitutional " and existed prior to his induction into the army and prior to the injury caused by defendant's alleged negligence. Two of these doctors reported on plaintiff's condition after plaintiff had been under constant observation for 101 days in an army hospital.

The amount of the verdict indicates that the jury accepted as a fact the speculation of two doctors who saw plaintiff only once, and then only for the purpose of testifying at the trial, and disregarded the positive testimony of four disinterested doctors. On such testimony, as well as many discrepancies in plaintiff's proof, the verdict was contrary to the weight of the credible evidence and indicated that the jury was influenced by emotion and considerations other than what constituted the fair preponderance of the credible evidence in the case. The award of $122,000 to a plaintiff who was subjected to only negligible physical pain and suffering, and who prior to the occurrence was on relief and never earned more than $30 to $35 per week, is clearly excessive, and, considering all the factors, could not have been arrived at on any reasonable basis. The amount awarded is so far in excess of reasonable compensation that the court will not attempt to fix an amount for acceptance in lieu of a new trial, because to do so in this case might fairly be said to be usurpation of the functions of the jury.

The motion to set aside the verdict and for a new trial is accordingly granted.