## KNAPP v. DETROIT LELAND HOTEL CO.

No. 10093.

Circuit Court of Appeals, Sixth Circuit.

Feb. 4, 1946.

Wilber M. Brucker and Harvey E. Van Benschoten, both of Detroit, Mich. (Wilber M. Brucker and Clark, Klein, Brucker & Waples, all of Detroit, Mich., on the brief), for appellant.

Marion S. Harlan, of Detroit, Mich. (Marion S. Harlan and Beaumont, Smith & Harris, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises from the denial of a motion to intervene and dismissal of a petition to reopen certain reorganization proceedings theretofore instituted under Section 77B of the Bankruptcy Act, Title 11, U.S.C., § 207, 11 U.S.C.A. § 207, in which a final decree had been entered. The debtor defaulted in the payment of interest on its First Mortgage 6½% Series A Gold Bonds on September 1, 1930, and reorganization proceedings were thereafter instituted by the debtor March 28, 1936. The appellant on April 9, 1945, owned three of the Series A Bonds upon which a claim had theretofore been filed in the proceedings by the indenture trustee, and allowed.

The court entered an order August 5, 1937, approving and confirming a plan of reorganization which provided for the cancellation of any outstanding bonds, the discharge of the mortgage given as security for the bonds, and granted injunctive relief to the debtor. This order provided for a general adjournment to November 4, 1937, for the purpose of passing upon applications for fees and for the consideration of the documents incidental to the execution and consummation of the plan. The court also specifically reserved jurisdiction for the purpose of entering such orders as "may be deemed necessary and proper in connection with carrying out the terms and provisions of said plan * * * and for properly terminating this cause." A hearing was held on the predetermined date of November 4, 1937, and pursuant thereto an order was entered December 17, 1937, providing for the issuance of new securities to the holders of outstanding bonds and directing the persons entitled to the new securities to accept them on or before December 30, 1942. In default of such acceptance the trustees appointed in accordance with the plan were authorized to cancel all of the new securities that had not been accepted on December 31, 1942. The final decree releasing the debtor and its property from all claims existing or arising on or prior to May 28, 1936, was entered April 10, 1939, after a showing that the orders of the court had been complied with.

Appellant's motion to intervene was filed April 9, 1945. The District Court denied the motion and also denied the petition to reopen the proceedings, holding that it lacked jurisdiction. The appellant contends that the limitation placed by the court in its order filed December 17, 1937, upon the time in which bondholders could surrender their old bonds and demand new securities provided for in the plan, constituted an amendment of the plan made without proper notice and invalid because of failure to comply with subdivision f of Section 77B. He urges that he received no notice and had no actual knowledge of the order of December 17, 1937, and could not surrender his bonds in accordance with the terms of the order.

We note that neither the motion to intervene nor the petition to reopen the proceedings is verified, and that no affidavit or pleading states the time when the appellant became holder of the bonds in question. If he acquired them after the decree of April 10, 1939 became final, he was not a creditor during the pendency of the proceedings, and his rights were in no way adversely affected. The burden rests upon the appellant to show that he was a creditor while the case was pending, and this he has not done. Moreover, payment of the principal sum on the Series A Bonds was due not later than March 1, 1941, for the mortgage indenture securing them was dated March 1, 1926, and they were fifteen-year bonds. Since appellant does not state when he secured the bonds, and nothing in the record or any statement of counsel indicates that he held them prior to November, 1943, it is not shown that he acquired them before the date set for payment of the principal. It follows that he has not shown that he did not have notice of the entire proceedings, for if he took defaulted bonds, he took them with notice of every defense and infirmity attaching thereto, including the provisions of the plan which cut off the right of exchange for new bonds after December 30, 1942, and released the maker from all liability after entry of the decree. Merchants Bank & Trust Co. v. Thurman, 6 Cir., 10 F.2d 141,

certiorari denied 270 U.S. 661, 46 S.Ct. 470, 70 L.Ed. 786.

■ As to the right of intervention, subsection c (11) of Section 77B gives any creditor or stockholder the right to be heard on (1) the appointment of permanent trustees; (2) the proposed confirmation of any reorganization plan, and (3) "upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine." The allowance of the petition for intervention is thus by statute placed within the sound discretion of the court. In re Associated Gas & Electric Co., D.C., 14 F.Supp. 582.

Appellant urges that under § 206, c. 10 of the Chandler Act, Title 11, U.S.C., § 606, 11 U.S.C.A. § 606, any creditor has the right to be heard on all matters arising in such proceeding. While the provisions of the Chandler Act could be made applicable to Section 77B proceedings to the extent that the judge should deem their application practicable, Title 11, U.S.C., § 676, 11 U.S.C.A., § 676, the trial court did not apply them to any of the proceedings, possibly because most of the questions in this case were fully determined prior to the adoption of the Chandler Act on June 22, 1938. We think, therefore, that the Chandler Act does not govern here.

■ Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon which appellant's counsel relied below, requires that the application for intervention be timely. Cf. Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 2 Cir., 116 F.2d 845. In Tift v. Southern R. Co., C.C.Ga., 159 F. 555, it was held that any person interested in the property might intervene prior to the closing of the case by final decree. Here the application was made almost six years after the final decree. During this time the securities issued under the plan had been actively traded in and the rights of many third persons had intervened. While it is stated professionally that the applicant did not know of the proceedings until November, 1943, his application to intervene was not filed until April 9, 1945. Under Title 11, U.S.C., § 207, sub. h, 11 U.S.C.A. § 207, sub. h, the final decree of April 10, 1939, discharged the debtor from its debts and liabilities and the property dealt with by the plan was free and clear of all claims of the debtor, its stockholders and creditors. "A provision of a statute which speaks with such finality as Section 207 subsection h does, should only be set aside, if at all, when it is clear and unmistakable that no possibility of harm will result therefrom." In re Peyton Realty Co., 3 Cir., 148 F.2d 771, 773. There is no explanation of the reason for appellant's delay, and the District Court did not abuse its discretion in denying the motion for leave to intervene. Cf. Stallings v. Conn, 5 Cir., 74 F.2d 189, 191.

■ Moreover, the order of 1937 was entered after due notice. The adjourned hearings were held in accordance with the original order of August 5, 1937, which reserved to the court the right to enter further orders necessary and proper in connection with carrying out the plan, and also "for properly terminating this cause." A principal purpose of 77B proceedings is the modification of the rights of creditors in order to permit an insolvent corporation, wherever possible, to resume operation as a going concern. Whenever reorganization proceedings are instituted, all creditors have notice that their rights may possibly be affected. The order entered by the District Court fixing a final date by which the exchange of bonds must be consummated was a proper order for carrying out the plan. Assuming that appellant took defaulted bonds, he was bound to know of the reorganization proceedings. He was bound to take notice of Section 77B, together with the specific provision that upon confirmation of a plan, the plan and its provisions are binding not only upon the debtor, but "upon all creditors and stockholders, whether or not such creditors and stockholders are affected by the plan or have accepted it or have filed proof of their claims or interests and whether or not their claims or interests have been scheduled or allowed or are allowable. * * *" Title 11, U.S.C., § 207, sub. g, 11 U.S.C.A. § 207, sub. g.

The order of the District Court is affirmed.