## In re HIGBEE CO.

### YOUNG v. MURPHY et al.

#### No. 10337.

Circuit Court of Appeals, Sixth Circuit.

Dec. 2, 1947.

See also 161 F.2d 597.

Robert J. Bulkley and James A. Butler, both of Cleveland, Ohio (Bulkley, Butler & Pillen, Robert J. Bulkley, James A. Butler and Robert W. Purcell, all of Cleveland, Ohio, on the brief), for appellant.

L. C. Wycoff and Dwight B. Buss, both of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, Charles K. Arter, L. C. Wykoff, Kingsley A. Taft, Baker, Hostetler & Patterson and Dwight B. Buss, all of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

Our appellate jurisdiction is invoked again in the matter of the reorganization of The Higbee Company; this time on the appeal of Robert R. Young from the denial by the district court of his petition for an accounting on the part of John P. Murphy and the Executors of the Estate of Charles L. Bradley. Young's petition was filed on May 19, 1945, following the promulgation, on February 26, 1945, of the opinion of the Supreme Court in Young v. Higbee Co., 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890, reversing the opinion of this court reported in 6 Cir., 142 F.2d 1004.

The Supreme Court held that Young was not estopped from prosecuting his petition for an accounting by Potts and Boag to the preferred stockholders for the money, in excess of their own interest as stockholders, received by them for dismissal of their appeal and sale of their stock to Bradley and Murphy. The settlement and dismissal of the suit was said not to alter the rights of all preferred stockholders to distribution of the fruits of the settlement.

It was held, further, that the district court had jurisdiction to order an accounting touching the funds in dispute, both because of its express reservation and because of the provisions of section 222 of the Bankruptcy Act, 11 U.S.C.A. § 622, giving the judge power, under the conditions confronted, to alter and modify a reorganization plan even after confirmation. As we construe its opinion, the Supreme Court considered as final, just as this court did, the dismissal of the appeal from the decree of the district court confirming the plan.

The petition of Young presently under consideration asserts that Murphy and the Bradley estate "should account to the Higbee Company for the benefit of its other stockholders for the profit which they de-

rived, or sought to derive, in the form of the new Higbee securities, from their unlawful purchase of the Potts and Boag stock." It is obvious that to grant the relief sought by Young would require the setting aside of the plan of reorganization of the Higbee Company, confirmed by the district court, whose judgment was affirmed on appeal by this court. On December 1, 1942, the district court entered a final decree discharging the debtor, The Higbee Company; terminating the rights and interests of its stockholders, except as provided in the amended reorganization plan confirmed March 12, 1942; and closing the estate of the debtor, except only as to matters in respect to which jurisdiction was retained.

The reservation of jurisdiction concerning Young's application gave him the right, which he exercised, to proceed before the master in his effort to hold liable Bradley and Murphy, as well as Potts and Boag, for the money profit resulting from the sale of their stock by Potts and Boag to Bradley and Murphy for $115,000. Young already had sought unsuccessfully to deprive Bradley and Murphy of the ownership of the junior indebtedness and common stock of the debtor; for the special master, in his ad interim report filed September 10, 1942, rejecting the contentions of Young and his associates, recommended that the claims of Bradley and Murphy to the equitable and legal ownership of the Higbee securities should be allowed; and the objections of Young and his associates to the master's report were subsequently disallowed.

The claims of Bradley and Murphy to the Higbee securities were allowed and sustained by decree of the district court entered March 16, 1943. Bradley and Murphy were decreed to be the legal and equitable owners of the new note of The Higbee Company in the amount of $600,000, and of approximately 14,550 shares of the new common stock of the Higbee Company, subject only to the pledge thereof to the National City Bank of Cleveland as security for the payment of their note. The claims of Young and his associates to the Higbee securities in controversy and to the new note and new common stock were expressly "disallowed and dismissed."

Young and his associate, Kirby, appealed from the final judgment entered in this case on March 16, 1943. On April 21, 1944, this court affirmed that judgment. See Young v. Bradley, 6 Cir., 142 F.2d 658. It would seem to be unnecessary and inappropriate to repeat here what was said in that opinion. As we see it, the present petition of Young seeks to reopen a matter already finally adjudicated against him in the previous opinion and decree of this court, affirming that of the district court. There has been an adverse final judgment entered against him on the same issues and questions which Young presents by his present petition. There is no difference in the alignment of the parties: Young on the one side; Bradley and Murphy on the other.

We find no merit in the argument that the principle of res judicata should not be applied here, for the reason that Young now seeks to require Bradley and Murphy to render a different form of accounting from that formerly sought. In Greene v. Bogue, 158 U.S. 478, 15 S.Ct. 975, 39 L.Ed. 1061, the Supreme Court held that, where the facts averred and relied upon in a former suit between the parties which proceeded to final judgment are substantially the same as those alleged in a later suit, the fact that a different form or measure of relief is asked by the plaintiff in the later suit does not deprive the defendants of the protection of the prior findings and decree in their favor. In Davis v. Mabee, 6 Cir., 32 F.2d 502, 503, it was pointed out that a judgment on the merits rendered in a former suit between the same parties, or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel, not only as to every matter which was offered or received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

In Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329, the Supreme Court applied "the well-settled principle that res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the

earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.' " See also Grubb v. Public Utilities Comm., 281 U.S. 470, 479, 50 S.Ct. 374, 74 L.Ed. 972.

We think that, upon analytical comparison, Prudence Realization Corporation v. Ferris, 323 U.S. 650, 65 S.Ct. 539, 89 L.Ed. 528, is also authoritative for considering the confirmation of the plan of reorganization res judicata in the instant case. All stockholders, including those for whom appellant Young asserts representation, were parties to the bankruptcy proceeding and are bound as much as he is by the previous adjudication on the issue which he raises again. See also Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. Compare Knapp v. Detroit Leland Hotel Co., 6 Cir., 153 F.2d 715, 717; Kimm v. Cox, 8 Cir., 130 F.2d 721, 726, 727.

After a plan of reorganization has been confirmed and a final decree has been entered, closing the estate of the debtor with all matters reserved therein finally disposed of, as in the case at bar, the cause may not be reopened for the purpose of changing or modifying the terms of the plan. See In re Tom Moore Distillery Co., D.C., 52 F.Supp. 938 (W.D.Ky.), opinion by Judge Miller; In re Corona Radio & Television Corporation, 7 Cir., 102 F.2d 959; In re Wedgewood Hotel Co., 7 Cir., 125 F.2d 327; In re Argyle-Lake Shore Corporation, 7 Cir., 98 F.2d 372; In re Lyman Richey Sand & Gravel Co., D.C. Neb., 42 F.Supp. 158. Cf. In re Flatbush Ave.-Nevins St. Corporation, 2 Cir., 133 F.2d 760, 762.

Upon the additional defense of laches, we desire to direct attention to what this court said in Young v. Bradley, 6 Cir., 142 F.2d 658, 662. The principles there stated are even more applicable here, in view of Young's further delay.

Inasmuch as we have concluded that appellant Young is foreclosed from reopening his contest with Murphy and Bradley over the subject matter of his petition now under review, we pretermit as useless discussion of the secondary defense of the Bradley estate, based upon the argument that appellant has failed to comply with applicable limitation sections of the Ohio Probate Code.

The decree of the district court denying and dismissing appellant's petition for accounting is affirmed.