### DETROIT HARBOR TERMINALS, Inc. v. KUSCHINSKI et al.

#### No. 11055.

United States Court of Appeals
Sixth Circuit.

April 21, 1950.

Hugh Francis, Detroit, Mich., J. Thomas Smith, Detroit, Mich., on the brief, for appellant.

Meyer Abrams, Chicago, Ill., Harris W. Wienner, Detroit, Mich., on the brief, for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The above cause came on to be heard upon the transcript of the record, the briefs of the parties, and argument of counsel for appellant. It appears that proceedings to reorganize the Detroit Harbor Terminals, Inc., a Michigan corporation, were commenced under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and completed after the Chandler Act, 11 U.S.C. A. § 606, became effective. In the final decree in the reorganization proceedings dated September 13, 1943, it was provided that September 13, 1948, be fixed as the last day of the period within which the holders of claims for the new stock of the reorganized company should present their claims. It was further provided therein that after September 13, 1948, no such claims for stock should participate in the distribution under the plan of reorganization. Shortly after the plan was confirmed in 1943, stockholders were notified to send in their stock certificates for exchange. A further notice was given stockholders by mail approximately six weeks before September 13, 1948, at their last known address, and by publication.

Five or six days after the final date provided for the exchange of stock, four stockholders requested, for the first time, an exchange of their stock for stock in the reorganized company. Other stockholders, holding a total of 4,370 shares, had not made the exchange on or before the date provided in the decree. The total stock of the company is 71,500 shares. The Board of Directors and officers of the corporation took the position that no stockholder of record before the plan was confirmed should be deprived of his right to exchange the old for the new stock of the company. In pursuing what they believed to be the procedure designed to insure justice to the stockholders who had not made the exchange of stock within the time provided, the officials of the company caused the filing of a petition by the corporation, asking that the officers and directors be authorized to make the exchange of stock requested by the five tardy stockholders, and that the court determine the rights and duties of the directors in respect to the other stockholders who had not made the exchange.

Upon the issuance of an order to show cause, objections were filed by certain stockholders, and a hearing thereafter took place. The district court held that it was without jurisdiction to direct the exchange of stock requested because the time provided in the decree of the bankruptcy court for the exchange of such stock had expired September 13, 1948; that the decree constituted an order barring claims made thereafter; and that the court had no discretionary power to disregard the bar provisions of the decree.

The holding of the district court is in accord with our decisions in Knapp v. Detroit Leland Hotel Co., 153 F.2d 715; In re Higbee Co., 164 F.2d 426; and In re Elless Co., 174 F.2d 925. See also Duebler et al. v. Sherneth Corporation, 2 Cir., 160 F.2d 472. It is to be remarked, however, that the motives actuating the officers and directors of the corporation in seeking just and equitable treatment of all of the stockholders was commendable and highly honorable.

It appears that during a colloquy between court and counsel, a letter was read from one of the five stockholders above mentioned, Clayton DuBosque, stating that at the time the reorganization plan was instituted, he was a colonel in the Army Air Force, and because of his duties in England, the Southwestern Pacific, and elsewhere, he had received no notice of the plan of reorganization and had received

no notice of the expiration of the time for the exchange of stock prior to December 13, 1948. This letter, of course, is not to be considered evidence, but it indicates that the claimant was in military service during the reorganization proceedings.

Upon consideration of the foregoing, it is ordered, adjudged, and decreed that the order of the district court is affirmed with leave, however, reserved to Clayton Du-Bosque to petition the district court for an order granting him the right to exchange his stock for stock in the reorganized company by virtue of the provisions of Title 50 U.S.C.A.Appendix, § 525, relating to periods of limitations as affected by military service. See Calderon v. City of New York, 184 Misc. 1057, 55 N.Y.S.2d 674; Parker v. State, 185 Misc. 584, 57 N.Y.S. 2d 242.