Felix 0. Benvekga, J.
Plaintiff moves to strike out the third separate defense, which alleges that plaintiff has ‘ ‘ failed to comply with the provisions of section 50-e of the General Municipal Law.”
The action is for personal injuries. The complaint alleges, and the moving papers show, that at the time of the assault as well as when the notice of claim was filed, the plaintiff was (and, indeed, still is) a member of the armed forces, and was in New York City on an emergency furlough to visit his mother at Harlem Hospital, where the alleged assault took place.
Section 308 of the Military Law is applicable. It provides in substance that the period of military service is not to be included in computing any period limited by law for the bringing of any action by or against any person in the military service. This provision applies not only to the bringing of an action, but also to any proceeding in any court, board, bureau, commission, department or other governmental agency or subdivision (1951 Report of Joint Legis. Comm, to Study Military Law, Legis. Doc., No. 35, pp. 153, 157). In this respect, a notice of claim is no different from a statute of limitation (Calderon v. City of New York, 184 Misc. 1057, 1058-1059; *734 Parker v. State of New York, 185 Misc. 584, 588-592). Since there is no denial of the allegation that the plaintiff was and is a member of the armed forces, the inference is permissible that the defense is sham. Such a defense may be stricken on motion (Esteves v. Swobodzien, 195 Misc. 956, 957-958; Carmody on New York Practice [7th ed.], § 343).
The motion is accordingly granted and the third defense is stricken.
Settle order.