In the Matter of GEX
KENTUCKY, INC., Debtor.

Curtis FRANCIS dba Big Hill Nos. 4
and 6 Plaintiff,

v.

HOLMES LAND COMPANY and
Bamerilease Corporation,
Defendants.

In the Matter of GEX
KENTUCKY, INC., Debtor.

Curtis FRANCIS dba Big Hill Nos. 4
and 6 Plaintiff,

v.

GEX HARDY, INC. and Bamerilease
Capital Corporation, Defendants.

Bankruptcy No. 686–00506.
Adv. Nos. 688–0086, 688–0087.

United States Bankruptcy Court,
N.D. Ohio.

Dec. 29, 1988.
On Motion for Reconsideration
May 22, 1989.

See also, Bkrtcy., 85 B.R. 431.

Jeffrey Baddeley of Squire, Sanders & Dempsey, Cleveland, Ohio, for debtor.

William D. Manson of Jones, Day, Reavis & Pogue, Cleveland, Ohio, for Bamerilease Capital Corp.

William S. Howard of Howard & Green, Lexington, Ky., for Curtis Francis.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Plaintiff, Curtis Francis, dba Big Hill Nos. 4 and 6, has filed these adversary proceedings seeking to subordinate the claims of GEX Hardy, Inc. (Hardy), Holmes Land Company (Holmes) and BameriLease Capital Corporation (BameriLease), Defendants. Defendants answered denying the essential allegations of the complaint.

Subsequent to the initial pre-trial conference, Defendants have jointly filed motions to dismiss, asserting that the issue of classification and treatment of claims in the GEX Kentucky, Inc. bankruptcy case is barred by the doctrine of *res judicata* and also that the complaints are an attempt to modify a confirmed Chapter 11 plan which

Plaintiff has no standing to seek. Plaintiff has filed responses in opposition to Defendants' motions.

These adversary proceedings have been consolidated for the purposes of disposing of defendants' motions to dismiss.

### FACTS

Pikeville National Bank and Trust Company (PNB) on December 1, 1987, filed a creditor's plan of reorganization for GEX Kentucky, Inc., a sister corporation of Hardy and Holmes. The plan proposed that the claims of Hardy and Holmes, based upon inter-company transfers, would be separately classified and would be junior and inferior in all respects to the claims of the other general unsecured creditors. At the hearing to determine the adequacy of the disclosure statement, Hardy, Holmes and BameriLease, a secured creditor of Hardy and Holmes, objected to the separate classification and subordination of the claims. Evidence was presented by Defendants as to the nature, extent and documentation of the inter-company transfers.

As a result of the objections by Defendants, PNB filed a second amended plan of reorganization on February 18, 1988, which eliminated the separate classification of the claims of Hardy and Holmes and established a single class for all the unsecured claims of GEX Kentucky, Inc.

Plaintiff, as a creditor of GEX Kentucky, Inc., received a copy of the disclosure statement for the second amended plan which disclosed the proposed distribution to unsecured creditors. Plaintiff did not file an objection to the second amended plan and, in fact, voted in favor of its acceptance. The second amended plan was confirmed by the court on May 20, 1988. Thereafter, on July 15, 1988, Plaintiff filed the instant complaints seeking the subordination of Defendants' claims pursuant to 11 U.S.C. § 510(c)(1).[1]

1. Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution

### DISCUSSION

The narrow issue presented is whether this court's order confirming the second amended plan of reorganization in GEX Kentucky, Inc. is equivalent to a judgment and, as such, *res judicata*, as to the issues resolved thereby.

The Sixth Circuit in an early decision stated that:

The order confirming a plan of reorganization is not the equivalent of a judgment and is no more than a step in the administration of the debtor's estate and does not terminate jurisdiction of the court.

*Wright v. City National Bank and Trust Company,* 104 F.2d 285, 287 (6th Cir.1939). The Supreme Court, however, in 1938 had previously held an order confirming a plan of reorganization is *res judicata, Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), *reh'g denied,* 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938), and as such "any attempt by the parties or those in privity with them to relitigate any of the matters that were raised or could have been raised therein is barred...." *Miller v. Meinhard–Commercial Corporation,* 462 F.2d 358, 360 (5th Cir.1972) (citations omitted). *See also, In re Higbee Company,* 164 F.2d 426 (6th Cir.1947), *cert. denied,* 333 U.S. 863, 68 S.Ct. 745, 92 L.Ed. 1142 (1948); *In re Blanton Smith Corporation,* 81 B.R. 440 (M.D.Tenn.1987).

As further support for finding an order of confirmation to be *res judicata,* 11 U.S.C. § 1141(a) provides:

Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, and entity acquiring property under the plan, and any creditor, equity security holder, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the

all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest.

plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

Accordingly, this court finds, based upon the foregoing authority, that generally an order confirming a plan of reorganization is *res judicata.*

For *res judicata* to apply, "there must be an identity of both parties and issues." *Miller,* 462 F.2d at 360. As to the identity of the parties, Plaintiff and Defendants were both creditors of GEX Kentucky, Inc. and participated in the debtor's bankruptcy and the confirmation of the plan of reorganization.

The court also finds there to be an identity of issues. Plaintiff, by his complaints, is attempting to subordinate the claims of Defendants to the claims of the other unsecured creditors. This same issue was present in the various plans of reorganization submitted by PNB and in the determination of the adequacy of the disclosure statement.

Accordingly, the order confirming the plan of reorganization for GEX Kentucky, Inc. is *res judicata* and Plaintiff is barred from attempting to relitigate the matter of subordinating the claims of Defendants.

In that the confirmation order has become a final judgment, the only remedy available to Plaintiff is to have the confirmation order set aside pursuant to Fed.R. Civ.P. 60, made applicable herein by Bankruptcy Rule 9024. Rule 60(b) provides in relevant part:

On motion and on upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

The moving party bears the burden to demonstrate one of the enumerated grounds. *Globe Paper Company v. Morris Travis Drug Company,* 112 F.2d 350 (6th Cir. 1940).

Even if the court were to consider the complaints as motions for relief from judgment, Plaintiff has not set forth in his complaints any of the grounds established by Rule 60.

Accordingly, the court finds Defendants' motions to be well taken and an order in accordance herewith shall issue.

## ON MOTION FOR RECONSIDERATION

Presented is a motion filed by Curtis Francis, dba Big Hill Nos. 4 and 6 (Plaintiff) to alter or amend order. On December 29, 1988, this court issued its Memorandum of Decision and Order in the instant proceeding wherein it found "the order confirming the plan of reorganization for GEX Kentucky, Inc. is *res judicata* and Plaintiff is barred from attempting to relitigate the matter of subordinating the claims of [GEX Hardy, Inc., Holmes Land Company, and Bamerilease Capital Corporation]." *Memorandum of Decision,* at pg. 6. Accordingly, the court sustained motions of the three entities, named as defendants by Plaintiff, to dismiss. Plaintiff, through its present motion, now seeks the reconsideration of that decision.

A hearing was held after which the matter was taken under advisement by the court to be decided upon the oral arguments presented by the parties and their submitted briefs. These adversary proceedings have been consolidated for the purpose of disposing of Plaintiff's motion.

### FACTS

A creditor plan of reorganization was filed by Pikeville National Bank and Trust Company (PNB) for GEX Kentucky, Inc., a sister corporation of GEX Hardy, Inc. (Hardy) and Holmes Land Company (Holmes). The initial plan proposed that claims of Hardy and Holmes against GEX Kentucky, Inc. would be separately classified and would be junior and inferior to the claims of the other general unsecured creditors.

Hardy, Holmes and Bamerilease Capital Corporation, a secured creditor of Hardy and Holmes, objected to the separate classification. As a result, PNB amended its plan of reorganization and eliminated the separate classification of the claims of Hardy and Holmes and established a single class for all general unsecured claims.

Plaintiff received a copy of the disclosure statement and the second amended plan which disclosed this new treatment. Plaintiff did not object to the second amended plan and, in fact, voted in favor of its acceptance. The court, on May 20, 1988, confirmed the second amended plan of reorganization. Thereafter, on July 15, 1988, Plaintiff filed its complaints seeking the subordination of Defendants' claims pursuant to 11 U.S.C. § 510(c)(1).

As previously noted, Defendants moved for dismissal of the complaints for various reasons, inter alia, that the order confirming the plan of reorganization was *res judicata*. The court, on December 29, 1988, issued its Memorandum of Decision and Order granting Defendants' motions to dismiss. Thereafter, on January 6, 1989, Plaintiff filed the instant motion pursuant to Bankruptcy Rule 9023 and Fed.R.Civ.P. 59.

## DISCUSSION

Fed.R.Civ.P. 59(e), made applicable herein by Bankruptcy Rule 9023, provides:

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

As stated by 6a Moore's Federal Practice, para. 59.12[1] at pg. 59–281 (2d ed. 1987):

Relief may be sought under Rule 59(e) on a *timely* motion to amend the judgment to alter the dismissal from one without prejudice to a dismissal with prejudice, and vice versa; to include an award of costs; in regard to time and conditions as to payment of a master; to include therein a conclusion of law previously adopted by the court; to vacate a judgment of dismissal and amend the complaint; to vacate a dismissal for want

of jurisdiction and amend the complaint to clarify the jurisdictional issue; and for other similar types of relief. (Citations omitted) (Emphasis in the original).

Plaintiff, at the outset, argues that the whole premise of this court's prior decision is contrary to the prevailing law of this circuit. Plaintiff asserts that an order confirming a plan of reorganization is not *res judicata* and cites *Wright v. City National Bank and Trust Company*, 104 F.2d 285 (6th Cir.1939).

This court, in its opinion of which Plaintiff complains, noted the decision of the Sixth Circuit Court of Appeals but went on to state that "[t]he Supreme Court, however, in 1938 had previously held an order confirming a plan of reorganization is *res judicata*. *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), *reh'g denied*, 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938)." *Memorandum of Decision* at pg. 4.

The court does not challenge the Sixth Circuit's decision in *Wright*, but it must observe the contrary decision of the United States Supreme Court. Additionally, in 1947, the Sixth Circuit subsequently held an order confirming a plan of reorganization to be *res judicata*. *See, In re Higbee Company* 164 F.2d 426 (6th Cir.1947), *cert. denied*, 333 U.S. 863, 68 S.Ct. 745, 92 L.Ed. 1142 (1948). Accordingly, the court finds its prior decision not to be contrary to the prevailing law.

Plaintiff additionally asserts as a ground for reconsideration that since it did not attend or participate in the hearings on the adequacy of the disclosure statement at which the evidence and testimony regarding the claims of Hardy and Holmes was presented, it cannot be bound by what occurred at those hearings. Plaintiff bases its argument on the fact that it received no notice that these issues would be raised.

Plaintiff does not dispute that it received notice of the hearings on the adequacy of the disclosure statement. Whether it attended to protect its interest is within its own discretion. Plaintiff cannot now as-

sert that it was prejudiced by its conscious decision not to attend.

Additionally, Plaintiff was put on notice several times as to the status of the claims of Hardy and Holmes. The ultimate plan that was confirmed by this court was the second amended plan of reorganization. A review of the court's docket indicates that the original plan of reorganization was filed on December 1, 1987, amendments to the plan of reorganization were filed on January 8, 1988, the first amended plan of reorganization was filed on February 11, 1988, and the second amended plan of reorganization was filed on February 18, 1988.

It is the responsibility and duty of every creditor to participate and protect its own interests in a bankruptcy proceeding. From the initial plan filed on December 1, 1987, until the confirmation of the second amended plan of reorganization on May 20, 1988, approximately six (6) months elapsed. Over this extensive period of time, Plaintiff was put on notice as to the various treatments proposed for the claims of Hardy and Holmes and had ample time to object to that treatment. Plaintiff cannot now argue that because it chose not to attend these hearings it is not bound by their outcome.

Plaintiff also asserts that *res judicata* applies only when there is an identity of both parties and issues and in the instant proceeding there is neither. The court, in its prior Memorandum of Decision found there to be such an identity of both parties and issues. Plaintiff and Defendants were all creditors of GEX Kentucky, Inc., and each was given notice of the various proceedings regarding the plan of reorganization. The fact that Plaintiff chose not to participate directly in those proceedings does not alter the fact that it was a party thereto.

Plaintiff argues that the issues are not identical in that the parties who participated in the hearings did not have the same interest as it possessed. The court finds no merit in this argument. An issue in the various plans of reorganization submitted by PNB and in determining the adequacy of the disclosure statement was the subor-

dination of the claims of Defendants. This is the same issue that Plaintiff wishes to bring before the court through the instant proceedings. Again, plaintiff chose not to attend these hearings and, consequently, cannot now argue that the parties that did attend did not adequately represent it.

Finally, Plaintiff argues that its action to subordinate the claims of Defendants is in effect an objection to their claims and this court, by a prior order, set July 15, 1988, as the deadline for parties to object to claims. Accordingly, Plaintiff asserts its complaints were timely filed and are not barred by the doctrine of *res judicata*.

The court finds Plaintiff's attempt to characterize its subordination actions as objections to the claims of Hardy and Holmes to be without merit. Subordination of a claim and the objection to the claim are two separate and distinct procedures under the Bankruptcy Code with each having a different result.

The subordination of a claim, pursuant to 11 U.S.C. § 510(c), concerns the distribution and classification of an *allowed* claim based upon principles of equity. The objection to a claim, pursuant to 11 U.S.C. § 502, does not deal with the distribution and classification of a claim but to the *allowance* of such claim.

Accordingly, the court finds that the objections procedure established in regard to the claims of GEX Kentucky, Inc., to be inapplicable to Plaintiff's cause of action.

An order in accordance herewith shall issue.